IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN VAZQUEZ, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : Civil Action No. 09-476-JJF |
| | : |
| COMMISSIONER STAN TAYLOR | : |
| et al., | : |
| | : |
| Defendants. | : |

Benjamin Vazquez, Pro se Plaintiff.  George W. Hill Correctional
Facility, Thornton, Pennsylvania

**MEMORANDUM OPINION**

December 4 , 2009
Wilmington, Delaware

Farnan, District Judge

Plaintiff Benjamin Vazquez ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983.  (D.I. 2.)  At the time he filed his Complaint he was incarcerated at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware. He is currently incarcerated at the George W. Hill Correctional Facility, Thornton, Pennsylvania.  Plaintiff appears pro se and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  For the reasons discussed below, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.  BACKGROUND

Plaintiff filed his Complaint on June 29, 2009.  He alleges that on December 28, 2002, when he was housed at the HRYCI, he experienced problems with his right eye.  Around that time he submitted a sick call slip and was seen by a nurse.  On January 3, 2003, he "went blind" in his right eye.  He was sent to sick call on January 6, 2003 and informed by the physician that he would be sent to an outside eye physician.  The next day he was taken to Delaware Ophthalmology Consultants and told he would never see out of his right eye.  He was also told that had he received immediate treatment, his vision would have been saved.

On January 8, 2003, federal marshals picked up plaintiff on

2

federal charges, but, when advised of his eye condition, took
Plaintiff to Cooper Medical Hospital where he spent twenty days
in February 2003.  Plaintiff received additional treatment in
March 2003.

Plaintiff filed suit against former Delaware Department of
Correction Commissioner Stan Taylor ("Taylor"), former warden
Raphael Williams ("Williams"), and 2002 Correctional Medical
Services ("CMS") director Oluwemi Awodiya alleging they were
responsible for the care and well-being of all inmates and their
failure to do so, as well as the improper care he received from
CMS staff resulted in the loss of sight in Plaintiff's right eye.

## II.  STANDARD OF REVIEW

The Court must dismiss at the earliest practicable time
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. §
1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).  An action is
frivolous if it "lacks an arguable basis either in law or in
fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to
state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is

3

identical to the legal standard used when ruling on 12(b)(6)
motions. Courteau v. United States, 287 F. App'x 159, 162 (3d
Cir. 2008)(not published); Allah v. Seiverling, 229 F.3d 220, 223
(3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d
Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to
dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court must accept all factual allegations in a complaint
as true and take them in the light most favorable to a pro se
plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229
(3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). "To
survive dismissal, a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'" Ashcroft v. Iqbal, -U.S.-, 129 S.Ct.
1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content
allows the court to draw a reasonable inference that Defendant is
liable for the misconduct alleged. Id. The plausibility
standard "asks for more than a sheer possibility that a defendant
has acted unlawfully." Id. "Where a complaint pleads facts that
are 'merely consistent with' a defendant's liability, it 'stops
short of the line between possibility and plausibility of
'entitlement to relief.'" Id. The assumption of truth is
inapplicable to legal conclusions or to "[t]hreadbare recitals of

4

the elements of a cause of action supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

## III. DISCUSSION

Plaintiff filed his Complaint on June 29, 2009 as determined by the mailbox rule for prisoner filings. See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998); Gibbs v. Deckers, 234 F. Supp. 2d 458, 463 (D. Del. 2002). The Complaint was signed on June 29, 2009. Therefore, the Court concludes that it was filed on the date it was signed, the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996).

5

Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Mattis v. Dohman, 260 F. App'x 458 n.3 (3d Cir. 2008) (not reported).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Smith v. Delaware County Court, 260 F. App'x 454 (3d Cir. 2008) (not reported); Wakefield v. Moore, 211 F. App'x 99 (3d Cir. 2006) (not reported) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)). In reading the Complaint, the last date of any pertinent act occurred either in late December 2002 or early 2003 when Plaintiff began to experience eye problems and lost his vision on January 3, 2003. Plaintiff, however, filed his Complaint on June 29, 2009, approximately six and one-half years after the expiration of the limitations

6

period. Hence, it is evident from the face of the Complaint that Plaintiff's claims are barred by the two year limitations period. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## IV. CONCLUSION

Based upon the above discussion, the Complaint will be dismissed as barred by the applicable limitations period pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate Order will be entered.